## CIRCUIT COURT OF NELSON COUNTY

Samuel Benjamin Gowen

v.

Betty M. Gowen

### Case No. CH01-0069

Betty M. Gowen

v.

Samuel Benjamin Gowen et al.

### Case No. CH03-0054

### October 29, 2003

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to issue the ruling of the Court in the above cases.

It is the ruling of the Court that Va. Code § 55-405 prevents Betty M. Gowen from receiving any interest in the 7.73 acres which she and Jack Tunstall Gowen owned as tenants by the entirety and any interest in the 1996 Pontiac Firebird which she jointly owned with Jack Tunstall Gowen, with survivorship.

Betty M. Gowen and Jack Tunstall Gowen were husband and wife. They owned as tenants by the entirety a house on 7.73 acres in the Shipman area of Nelson County. They also jointly owned, with right of survivorship, a 1997 Pontiac Firebird. On August 17, 2001, Betty M. Gowen shot and killed Jack Tunstall Gowen. She was convicted of murder and sentenced on April 8, 2002, to serve twenty years in the state penitentiary. The conviction and sentence have been affirmed by the appellate courts of the Commonwealth of Virginia.

Mrs. Gowen now seeks a partition of the jointly owned real estate. Va. Code § 55-405 expressly prohibits a slayer from receiving any interest in survivorship property, including tenants by the entirety, where the slayer caused the death of the cotenant. Specifically, Va. Code § 55-405 provides that there is "a vesting of the interest in the slayer to the estate of the decedent as though the slayer had predeceased the decedent." Accordingly, the statute specifically provides that Betty M. Gowen is treated as if she predeceased Jack Tunstall Gowen. Accordingly, with respect to jointly owned survivorship property, her interest passes to the estate of Jack Tunstall Gowen.